**Nos. 02-6(L) and 02-17**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

**UNITED STATES OF AMERICA,**
***Plaintiff/appellee,***

**v.**

**ZACARIAS MOUSSAOUI,**
***Defendant/appellant.***

---

**On Appeal from the United States District Court**
**for the Eastern District of Virginia**
**Alexandria Division**

---

# BRIEF OF THE APPELLANT

---


**FRANK W. DUNHAM, JR.**
**Federal Public Defender**
**for the Eastern District of Virginia**
**Counsel for Appellant**
**1650 King Street, Suite 500**
**Alexandria, VA 22314**
**(703) 600-0800**

**ALAN H. YAMAMOTO**
**Counsel for Appellant**
**108 North Alfred Street**
**Alexandria, VA 22314**
**(703) 684-9700**

**EDWARD B. MACMAHON, JR**
**Counsel for Appellant**
**107 East Washington Street**
**Middleburg, VA 20117**
**(540) 687-3902**

**Also on the Brief**
**Frances H. Pratt, Esq.**
**Office of the Federal**
**Public Defender**

## TABLE OF CONTENTS


Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Statement of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I. Issues That Are Moot Are Not Justiciable by This Court . . . . . . . . . . . 7

II. The Court Does Not Have Jurisdiction Over the Issues That Are Not Moot . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Addendum

*United States v. Stepp*, No. 00-7767, 2001 WL 470737 (4th Cir. May 3, 2001) . . . . . . . . . . . . . Addendum 1

*United States v. Campbell*, No. 00-7127 2000 WL 1807188 (4th Cir. Dec. 11, 2000) . . . . . . . . . . . Addendum 2

Certificate of Compliance

Certificate of Service

## TABLE OF AUTHORITIES

Cases

*Abney v. United States*, 431 U.S. 651 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949) . . . . . . . . . . . . . 9

*Faretta v. California*, 422 U.S. 806 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Flanagan v. United States*, 465 U.S. 259 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Murphy v. Hunt*, 455 U.S. 478 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Parr v. United States*, 351 U.S. 513 (1956) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Blackwell*, 900 F.2d 742 (4th Cir. 1990) . . . . . . . . . . . . . . . . . . . . 9

*United States v. Campbell*, No. 00-7127,
2000 WL 1807188 (4th Cir. Dec. 11, 2000) . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Celani*, 748 F.3d 363 (7th Cir. 1984) . . . . . . . . . . . . . . . . . . . . 10

*United v. Lawrence*, 201 F.3d 536 (4th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . 9

*United States v. Stepp*, No. 00-7767,
2001 WL 470737 (4th Cir. May 3, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . 10

Statutes and Rules

28 U.S.C. § 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Other Authorities

Erwin Chemerinsky, *Federal Jurisdiction* (1989) . . . . . . . . . . . . . . . . . . . . . . . . . 7

Nos. 02-6(L) and 02-17

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff/appellee,*

v.

ZACARIAS MOUSSAOUI,
*Defendant/appellant.*

On Appeal from the United States District Court
for the Eastern District of Virginia
Alexandria Division

BRIEF OF THE APPELLANT

## STATEMENT OF JURISDICTION

These appeals are interlocutory in nature. By direction of the Court, the issue of jurisdiction is the subject matter of this brief.

## STATEMENT OF THE ISSUES

Whether this Court has jurisdiction to review interlocutory orders of the district court regarding (1) the initial appointment of counsel in this case; (2) the appellant's request to proceed *pro se*; (3) the unsealing of certain documents; (4) the appellant's

motion for change of venue, (5) the appointment of standby counsel; (6) deadlines for filing pre-trial motions; (7) access to the Muslim lawyer Brother Freeman.

## STATEMENT OF THE CASE

On December 11, 2001, the appellant, Zacarias Moussaoui, was indicted for six offenses relating to the September 11th attacks on the World Trade Center in New York City and the Pentagon in Arlington, Virginia.[1] Counsel was appointed for Mr. Moussaoui on December 12 and 14, 2001. Trial has been set for September 30, 2002. On April 22, 2002, Mr. Moussaoui stated to the district court in a hearing that he wished to go *pro se*, and began to file his own pleadings with the district court even though appointed counsel continued as counsel of record. The district court granted Mr. Moussaoui's request to proceed *pro se* on June 13, 2002.

On May 1, Mr. Moussaoui filed three separate notices of appeal with this Court[2] regarding the district court's appointment of counsel, his ability to represent himself, and the unsealing of certain documents, which this Court assigned as Case Nos. 02-06, 02-07, and 02-08. By order dated June 11, 2002, this Court ordered the three

---

[1] A superseding indictment was returned against Mr. Moussaoui on June 19, 2002, on which he was arraigned on June 25. A second superseding indictment was returned against him on July 16, on which he was arraigned on July 18.

[2] In accordance with Fed. R. App. P. 4(d), the clerk of this Court transmitted these notices to the district court, which entered them on the criminal docket on May 3, *see* Fed. R. App. P. (b)(5).

appeals consolidated. On July 5, Mr. Moussaoui filed a fourth notice of appeal, from the district court's denial of several of his motions on June 24. By order dated July 17, this Court consolidated that case, No. 02-17, with the previous three cases, appointed undersigned counsel as counsel for Mr. Moussaoui in this Court, and ordered counsel to file briefing limited to the question of the Court's jurisdiction to hear these cases.

## STATEMENT OF FACTS

The original Indictment in this case was returned against the appellant, Zacarias Moussaoui, on December 11, 2001. (J.A. at 9, 50.) Counsel was appointed under the Criminal Justice Act, 18 U.S.C. § 3006A, on December 12 (Edward B. MacMahon) and on December 14 (the Federal Public Defender). (J.A. at 9, 82.)[3] Court-appointed counsel appeared for Mr. Moussaoui at his initial appearance on December 19, 2001, and represented him continually until June 13, 2002. Since then, court-appointed counsel have served in a "stand-by" capacity.

On April 22, 2002, Mr. Moussaoui moved during a court hearing on an unrelated matter for leave to represent himself and declared his intention to have his own Muslim lawyer to consult with. (J.A. at 85-86.) At the end of the hearing, the court requested that Mr. Moussaoui provide to the court the documents from which

---

[3] This order forms the basis of Mr. Moussaoui's first appeal, Case No. 02-06. (J.A. at 144.)

he read during the proceeding. (J.A. at 95.) These documents were initially placed under seal. (J.A. at 20.) The court subsequently issued an order placing the documents under seal. (J.A. at 225.)[4] Mr. Moussaoui also filed a motion in the district court to unseal the documents, on April 29. (J.A. at 128.) The court denied this motion on June 25. (J.A. at 189, 193.)

In regard to Mr. Moussaoui's motion to represent himself, the district court proceeded cautiously by directing that Mr. Moussaoui's mental competence first be evaluated before proceeding to address his request to waive counsel and represent himself. (J.A. at 89-90, 93-94, 95, 97.)[5] While competency was being evaluated, appointed counsel continued to function as counsel of record. (*See* J.A. at 98, 165.) And while his motion to proceed *pro se* was pending, on April 26, Mr. Moussaoui filed a change of venue motion seeking transfer of the case to Denver. (J.A. at 99.) The district court denied this motion on June 25. (J.A. at 189-92, 193.)[6]

On June 13, the district court held a hearing to resolve Mr. Moussaoui's motion to waive counsel and proceed *pro se*. Although there were differences of opinion

---

[4] This order is the subject of Mr. Moussaoui's third appeal, Case No. 02-08 (J.A. at 140.)

[5] The order of the court issued on April 22 is the subject of another of Mr. Moussaoui's appeals, Case No. 02-07. (J.A. at 130.)

[6] This order is one of Mr. Moussaoui's bases for appeal in his fourth appeal, Case No. 02-17. (J.A. at 204.)

among experts as to whether there was an adequate basis to determine that Mr. Moussaoui was competent to waive counsel, the court determined that he was competent to so waive and that his waiver was knowing, voluntary and uncoerced. (J.A. at 157, 160.) Mr. Moussaoui has proceeded from that point to represent himself.

Although granting Mr. Moussaoui's request to proceed *pro se*, the district court appointed stand-by counsel. (J.A. at 165,168, 214-15)[7] Mr. Moussaoui filed several motions challenging that appointment, (J.A. at 170, 171, 175), which the district court has denied on June 24, (J.A. at 183).[8] He has also filed several motions concerning a Muslim lawyer, Brother Freeman, whom Mr. Moussaoui desires to have as stand-by counsel in place of appointed stand-by counsel. In particular, he has moved the district court to permit Brother Freeman to see him and to assist him at a deposition. (J.A. at 174, 196, 199, 201.) The district court likewise denied these motions on June 24 and on July 11. (J.A. at 177, 210).[9]

---

[7] In light of the court's ruling, at the hearing on June 13, the Federal Public Defender and Mr. MacMahon sought release from the position of stand-by counsel. (J.A. at 160-63.) The district court was inclined initially to grant this relief at to Mr. MacMahon, (J.A. at 168), but later concluded that Mr. MacMahon should be reappointed to serve as standby counsel with the Federal Public Defender and Mr. Yamamoto, (J.A. at 213-14).

[8] The "stand-by" counsel that Mr. Moussaoui sought to remove are the same counsel (with the exception of Mr. Yamamoto) appointed by this Court to represent Mr. Moussaoui in these appeals.

[9] The June 24 denial of these motions form the subject of two additional grounds for appeal in Mr. Moussaoui's fourth appeal, No. 02-17. (J.A. at 204.)

Following the June 13 hearing, a deadline of June 24 was set for Mr. Moussaoui to file pre-trial motions. (J.A. at 166.) On June 21, Mr. Moussaoui filed a motion that the district court construed as a motion for extension of time in which to file his motions. (J.A. at 172); on June 24, the district extended the deadline to July 8, (J.A. at 181-82).[10] Mr. Moussaoui has continued to file pre-trial motions after July 8, which the district court has continued to rule upon. (*See, e.g.*, J.A. at 206, 216, 218, 222.)

## SUMMARY OF ARGUMENT

Mr. Moussaoui has filed four appeals. All address interlocutory orders of the district court, many of which have been rendered moot by subsequent events. For the issues that remain, the Court has no jurisdiction at this time. Further, if the Court were to assert jurisdiction over them now, it might damage Mr. Moussaoui's ability to more effectively raise them later.

## ARGUMENT

After a conscientious examination of the record to date in this case and of the applicable case law, counsel, as officers of this Court, have determined that no meritorious grounds exist to assert that the Court has jurisdiction to hear this case at this time, for the reasons explained below.

---

[10] The final ground in Mr. Moussaoui's fourth appeal, Case No. 02-17, is the July 8 deadline. (J.A. at 204.)

## I. ISSUES THAT ARE MOOT ARE NOT JUSTICIABLE BY THIS COURT

In order for a federal court to hear a case or, in this appeal, an issue, there must be a live controversy between adverse litigants. Any changes in the facts that ends a controversy makes the case or issue moot. *See* Erwin Chemerinsky, *Federal Jurisdiction* § 2.5, at 109-10 (1989). For example, a criminal defendant's challenge to an order denying bail becomes moot after the defendant is convicted. *See Murphy v. Hunt*, 455 U.S. 478, 481-82 (1982). In these appeals, subsequent events in the district court proceedings have rendered moot several of the issues raised by Mr. Moussaoui.

In Case No. 02-06, Mr. Moussaoui claims he was denied the opportunity to choose between employing his own lawyer or proceeding *pro se*. (J.A. at 145.) The district court's order on June 13 granting Mr. Moussaoui's request to proceed *pro se* renders this issue and appeal moot.

In Case No. 02-07, Mr. Moussaoui appeals the district court's order of April 22, claiming that it was factually incorrect. (J.A. at 130.) In his appeal, he requested that the judge's order be dismissed and that he be given a complete hearing in accordance with *Faretta v. California*, 422 U.S. 806 (1975), and that he be given a meaningful opportunity to have a Muslim lawyer. (J.A. at 138.) The district court's

order on June 13 granting Mr. Moussaoui's request to proceed *pro se* also renders the *Faretta* issue moot.

In Case No. 02-08, Mr. Moussaoui appeals the district court's order of April 25, 2002, in which the court declined to unseal certain documents submitted to the court following the April 22 hearing. (J.A. at 140, 225.) On June 25, the district court reaffirmed its previous order directing that these documents remain under seal. (J.A. at 193.) Therefore, this issue is not moot.

In Case No. 02-17, Mr. Moussaoui specifically states that he is appealing from adverse decisions below concerning (1) the denial of a change of venue, (2) the appointment of standby counsel; (3) the limitation on the time for filing of motions; and (4) the prevention of Brother Freeman from seeing appellant for purposes of providing out-of- court legal assistance.[11] The third issue raised in Case No. 02-17 is moot because the district court has permitted Mr. Moussaoui to continue to file motions after the July 8 deadline and has ruled on those motions. (*See, e.g.*, J.A. at 206, 216, 218, 222.)

---

[11] After setting forth the issues he seeks to raise with some degree of particularity, Mr. Moussaoui then seeks to challenge, in one broad sweeping statement, "I want to indicate for the record that I make appeal for every single decision made by DJ Leonie Brinkema . . . ." (J.A. at 204.) Counsel limits their discussion here to the specifically identified issues in Case No. 02-17, pending further direction from this Court.

## II. THIS COURT DOES NOT HAVE JURISDICTION OVER THE ISSUES THAT ARE NOT MOOT

The courts of appeals have jurisdiction over appeals from "final decisions of the district courts." 28 U.S.C. § 1291; *United States v. Lawrence*, 201 F.3d 536, 537 (4th Cir. 2000). In criminal cases, this generally means that an appeal may be taken only after the district court has imposed a sentence. *See Parr v. United States*, 351 U.S. 513, 518 (1956) (no appeal in a criminal case until sentencing).

There are limited exceptions to this rule that permit immediate appeal of a pre-trial order under the "collateral order doctrine." *See Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949). In the criminal law area, the Supreme Court has recognized certain categories of pre-trial rulings which are appealable under the collateral order doctrine because they finally adjudicate rights independent of the criminal proceedings. *See, e.g.*, *Abney v. United States*, 431 U.S. 651, 658-59 (1977) (denial of motion to dismiss indictment on basis of double jeopardy immediately appealable because waiting until sentencing to adjudicate claim could result in very harm sought to be avoided by double jeopardy protection). However, the issues remaining here do not fall into that category.

With regard to venue, the district court's order is not the kind of decision that permits immediate appeal. *See United States v. Blackwell*, 900 F.2d 742, 746-47 (4th Cir. 1990). As to qualification of counsel, in this case whether or not to have

appointed standby counsel, the issue is not independent of the issues to be tried and does not finally adjudicate any rights. *See Flanagan v. United States*, 465 U.S. 259, 268 (1984) (order regarding disqualification of counsel not independent of issue to be tried); *United States v. Celani*, 748 F.3d 363, 365-67 (7th Cir. 1984) (order denying appointment of counsel not immediately appealable because it can be reconsidered by district court at any time before judgment). Similarly, the district court's orders related to Brother Freeman and Mr. Moussaoui's access to him for legal assistance is not immediately appealable. And finally, as to the unsealing of certain documents, this is similar to a defendant requesting a transcript, which this Court has held, albeit in unpublished opinions, is an unappealable interlocutory order. *See United States v. Stepp*, No. 00-7767, 2001 WL 470737 (4th Cir. May 3, 2001); *United States v. Campbell*, No. 00-7127, 2000 WL 1807188 (4th Cir. Dec. 11, 2000) (each of these unpublished opinions is reproduced for the Court's convenience in the Addendum at pages 1 and 2 respectively).

Moreover, for this Court to rule on these issues now before they have more fully developed in the district court may deprive Mr. Moussaoui of a far stronger posture in which to raise them than he has at the present time. Therefore, even if this Court were to find that it does have jurisdiction to decide these issues, the Court should not address them now.

## CONCLUSION

Should this Court determine that it is without jurisdiction to entertain these appeals, it is requested that the appeals be dismissed without prejudice, so that Mr. Moussaoui may reassert the issues presented should he be convicted.

Respectfully submitted this 2d day of August, 2002.


/s/
Frank W. Dunham, Jr.
Federal Public Defender
for the Eastern District of Virginia
Counsel for Appellant
1650 King Street, Suite 500
Alexandria, VA 22314
(703) 600-0800

/s/
Alan H. Yamamoto
Counsel for Appellant
108 North Alfred Street
Alexandria, VA 22314
(703) 684-9700

/s/
Edward B. MacMahon, Jr.
Counsel for Appellant
107 East Washington Street
Middleburg, VA 20117
(540) 687-3902

Also on the Brief
Frances H. Pratt, Esq.
Office of the Federal Public Defender

# ADDENDUM

Not selected for publication in the Federal Reporter.

This opinion was not selected for publication in the Federal Reporter. Please use FIND to look at the applicable circuit court rule before citing this opinion. FI CTA4 Rule 36(c).

United States Court of Appeals,
Fourth Circuit.

UNITED STATES of America, Plaintiff-Appellee,
v.
Brian STEPP, Defendant-Appellant.

**No. 00-7767.**

Submitted April 27, 2001.
Decided May 3, 2001.

Criminal defendant appealed after the United States District Court for the Southern District of West Virginia, Charles H. Haden, II, Chief Judge, denied his request for a copy of transcript of his criminal proceedings. The Court of Appeals held that order was neither a final order, nor an appealable interlocutory or collateral order.

Appeal dismissed.

West Headnotes

[1] **Criminal Law 1023(3)**
110k1023(3) Most Cited Cases

District court order denying defendant's request for a copy of transcript of his criminal proceedings was not appealable; order was neither a final order, nor an appealable interlocutory or collateral order. 28 U.S.C.A. §§ 1291, 1292; Fed.Rules Civ.Proc.Rule 54(b), 28 U.S.C.A.

[2] **Criminal Law 1023(2)**
110k1023(2) Most Cited Cases

[2] **Criminal Law 1023(3)**
110k1023(3) Most Cited Cases

Court of Appeals may exercise jurisdiction only over final orders, and certain interlocutory and collateral orders. 28 U.S.C.A. §§ 1291, 1292; Fed.Rules Civ.Proc.Rule 54(b), 28 U.S.C.A.

***218** Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden II, Chief District Judge. (CR-99-24, CA-00-862-2).

Brian Stepp, pro se.

Michael Lee Keller, Office of the United States Attorney, Charleston, WV, for appellee.

Before LUTTIG and DIANA GRIBBON MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

PER CURIAM.

****1** [1][2] Brian Stepp seeks to appeal an order of the magistrate judge denying his request for a copy of the transcript of his criminal proceedings. We dismiss the appeal for lack of jurisdiction because the order is not appealable. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (1994), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (1994); Fed.R.Civ.P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The order here appealed is neither a final order nor an appealable interlocutory or collateral order.

We deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal as interlocutory. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*

6 Fed.Appx. 217, 2001 WL 470737 (4th Cir.(W.Va.))

END OF DOCUMENT

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA4 Rule 36 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Fourth Circuit.

UNITED STATES of America, Plaintiff-Appellee,
v.
Charles A. CAMPBELL, Defendant-Appellant.

**No. 00-7127.**

Submitted Nov. 30, 2000.
Decided Dec. 11, 2000.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, Magistrate Judge. (CR-98-56, CA-00-309- 7).

Charles A. Campbell, pro se.

Rick A. Mountcastle, Office of the United States Attorney, Abingdon, VA, for appellee.

Before NIEMEYER, LUTTIG, and MICHAEL, Circuit Judges.

PER CURIAM.

****1** Charles A. Campbell appeals the district court's denial of his motion for the production of transcripts and other unspecified records from his criminal proceedings. We dismiss the appeal for lack of jurisdiction because the order is not appealable. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (1994), and certain interlocutory and collateral orders, 28 U.S .C. § 1292 (1994); Fed.R.Civ.P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949). The order here appealed is neither a final order nor an appealable interlocutory or collateral order.

We deny a certificate of appealability and dismiss the appeal as interlocutory. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED.*

238 F.3d 415 (Table), 2000 WL 1807188 (4th Cir.(Va.)), Unpublished Disposition

END OF DOCUMENT

## CERTIFICATE OF COMPLIANCE

1. This brief of the appellant has been prepared using WordPerfect 9 software, Times New Roman font, 14 point proportional type size.

2. EXCLUSIVE of the corporate disclosure statement; table of contents; table of authorities; statement with respect to oral argument; any addendum containing statutes, rules, or regulations, and the certificate of service, this brief contains 2,423 words.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

August 2, 2002
Date

/s/
Frank W. Dunham, Jr.
Federal Public Defender

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Brief of Appellant and of the Joint Appendix was delivered by Federal Express to Alessandra DeBlasio, Ass't U.S. Attorney, Office of the U.S. Attorney, 2100 Jamieson Avenue, Alexandria, VA, 22314, on this the 2d day of August, 2002.

/s/

Frank W. Dunham, Jr.
Federal Public Defender

**Nos. 02-6(L) and 02-17**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

**UNITED STATES OF AMERICA,**
***Plaintiff/appellee,***

**v.**

**ZACARIAS MOUSSAOUI,**
***Defendant/appellant.***

---

**On Appeal from the United States District Court**
**for the Eastern District of Virginia**
**Alexandria Division**

---

**JOINT APPENDIX**

**VOLUME I of II**

---

**PAUL J. McNULTY**
**United States Attorney**

**Alessandra DeBlasio, Esq.**
**Ass't U.S. Attorney**
**Counsel for Appellee**
**2100 Jamieson Avenue**
**Alexandria, VA 22314**
**(703) 299-3700**

**FRANK W. DUNHAM, JR.**
**Federal Public Defender**

**Frank W. Dunham, Jr., Esq.**
**Federal Public Defender**
**Counsel for Appellant**
**1650 King Street, Suite 500**
**Alexandria, VA 22314**
**(703) 600-0800**

## TABLE OF CONTENTS

VOLUME I


District Court Docket Sheet[1] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Indictment (Dec. 11, 2001) (Dist. Ct. Dkt. 1) . . . . . . . . . . . . . . . . . . . . . . . . . . 50

CJA 20 Appointing Edward MacMahon (Dec. 12, 2001)(Dist. Ct. Dkt. 2) . . . . . . 82

April 22, 2002 Hearing Transcript Excerpts . . . . . . . . . . . . . . . . . . . . . . . . . . . . 83

District Court's Order of April 22, 2002 (Dist. Ct. Dkt. 104) . . . . . . . . . . . . . . . . 97

*Pro Se* Motion for Change of Venue (Dist. Ct. Dkt. 119) . . . . . . . . . . . . . . . . . . 99

*Pro Se* Motion to Unseal Documents (Dist. Ct. Dkt. 124) . . . . . . . . . . . . . . . . . 128

*Pro Se* Notice of Appeal (Dist. Ct. Dkt. 136) . . . . . . . . . . . . . . . . . . . . . . . . . 130

*Pro Se* Notice of Appeal (Dist. Ct. Dkt. 137) . . . . . . . . . . . . . . . . . . . . . . . . . 140

*Pro Se* Notice of Appeal (Dist. Ct. Dkt. 138) . . . . . . . . . . . . . . . . . . . . . . . . . 144

June 13, 2002 Hearing Transcript Excerpts . . . . . . . . . . . . . . . . . . . . . . . . . . . 150

District Court's Order of June 14, 2002 (Dist. Ct. Dkt. 183) . . . . . . . . . . . . . . . 165

District Court's Order of June 17, 2002 (Dist. Ct. Dkt. 186) . . . . . . . . . . . . . . . 168

*Pro Se* Motion re. Brother Freeman (Dist. Ct. Dkt. 205) . . . . . . . . . . . . . . . . . . 170

*Pro Se* Motion Objecting to Appointed Stand-by Counsel
(Dist. Ct. Dkt. 206) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 171


[1] The publicly-filed pleadings are available on the web site of the United States District Court for the Eastern District of Virginia, www.vaed.uscourts.gov

*Pro Se* Motion Requesting Extension of Motions Deadline (Dist. Ct. Dkt. 207) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 172

*Pro Se* Motion re. Brother Freeman (Dist. Ct. Dkt. 210) . . . . . . . . . . . . . . . . . . 174

*Pro Se* Motion Objecting to Appointed Stand-by Counsel (Dist. Ct. Dkt. 213) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 175

District Court's Order of June 24, 2002 (Dist. Ct. Dkt. 218) . . . . . . . . . . . . . . . 177

District Court's Order of June 24, 2002 (Dist. Ct. Dkt. 226) . . . . . . . . . . . . . . . 180

District Court's Order of June 24, 2002 (Dist. Ct. Dkt. 227) . . . . . . . . . . . . . . . 183

June 25, 2002 Hearing Transcript Excerpts . . . . . . . . . . . . . . . . . . . . . . . . . . . 186

District Court's Order of June 25, 2002 (Dist. Ct. Dkt. 229) . . . . . . . . . . . . . . . 193

*Pro Se* Motion re. Brother Freeman (Dist. Ct. Dkt. 248) . . . . . . . . . . . . . . . . . . 196

*Pro Se* Motion re. Brother Freeman (Dist. Ct. Dkt. 262) . . . . . . . . . . . . . . . . . . 199

*Pro Se* Motion re. Brother Freeman (Dist. Ct. Dkt. 271) . . . . . . . . . . . . . . . . . 201

Notice of Appeal (Dist. Ct. Dkt. 284) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 204

*Pro Se* Motion to Publish Grand Jury Testimony (Dist. Ct. Dkt. 305) . . . . . . . . 206

District Court's Order of July 11, 2002 (Dist. Ct. Dkt. 310) . . . . . . . . . . . . . . . 210

District Court's Order of July 11, 2002 [(Dist. Ct. Dkt. 319) . . . . . . . . . . . . . . . 216

*Pro Se* Motion to Contact French Embassy (Dist. Ct. Dkt. 323) . . . . . . . . . . . . 218

District Court's Order of July 15, 2002 (Dist. Ct. Dkt. 335) . . . . . . . . . . . . . . . 222

VOLUME II (SEALED)

District Court's Order of April 25, 2002 (Dist. Ct. Dkt. 111) . . . . . . . . . . . . . . . 225

**FOURTH CIRCUIT NOS. 02-6(L) and 02-17**

**CERTIFICATE OF CONFIDENTIALITY**

Pursuant to Local Rule 10(d), Zacarias Moussaoui, who is the appellant, states that the record on appeal contains confidential materials sealed by the United States District Court for the Eastern District of Virginia, Alexandria Division, and hereby certifies the following information:

1. **Identity of the material sealed**:

   District Court's Order of April 25, 2002

2. **Dates of the orders sealing the material or, if there is no order, the lower court or agency's general authority to treat the material as sealed:**

   Issued under seal April 25, 2002

3. **Identity of the appellate documents submitted for filing that disclose information in materials sealed by the lower court/agency:**

   Joint Appendix, Volume II of II (Sealed)

Four copies of the appellate documents that are the subject of this certificate are submitted for filing. They are each conspicuously marked SEALED on their cover pages and are enclosed in an envelope marked SEALED.

I hereby certify that a true and exact copy of this certificate and Volume II of II (SEALED) of the Joint Appendix was delivered by Federal Express to Alessandra DeBlasio, Esq., Ass't U.S. Attorney, Office of the U.S. Attorney,2100 Jamieson Avenue, Alexandria, VA, 22314, on this 2d day of August, 2002.

/s/
Frank W. Dunham, Jr..
Federal Public Defender

**SEALED** **Nos. 02-6(L) and 02-17** **SEALED**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

**UNITED STATES OF AMERICA,**
***Plaintiff/appellee,***

**v.**

**ZACARIAS MOUSSAOUI,**
***Defendant/appellant.***

---

**On Appeal from the United States District Court**
**for the Eastern District of Virginia**
**Alexandria Division**

---

**JOINT APPENDIX**

**SEALED** **SEALED**

**VOLUME II of II**

---

**PAUL J. McNULTY**
**United States Attorney**

**Alessandra DeBlasio, Esq.**
**Ass't U.S. Attorney**
**Counsel for Appellee**
**2100 Jamieson Avenue**
**Alexandria, VA 22314**
**(703) 299-3700**

**FRANK W. DUNHAM, JR.**
**Federal Public Defender**

**Frank W. Dunham, Jr., Esq.**
**Federal Public Defender**
**Counsel for Appellant**
**1650 King Street, Suite 500**
**Alexandria, VA 22314**
**(703) 600-0800**